In my opinion, the trial court did not err in restricting the testimony of Billy Mack Gray, which was introduced to show that Schlumberger had a pattern and practice of terminating employees who filed workers' compensation claims. For pattern or practice evidence to be admissible, there must be substantial similarity between the event involved in the lawsuit and the earlier events alleged to be part of a pattern or practice. Continental Eagle Corp. v. Mokrzycki,611 So.2d 313, 319 (Ala. 1992). Gray admitted that he had not been terminated for being away from his work for more than one year. Gray testified that Schlumberger had a three-step disciplinary process that it followed before terminating an employee — a verbal warning, a written warning, and a suspension without pay. Gray had been subject to each of these three steps and was terminated for absenteeism and tardiness. The facts regarding Gray's termination and the facts regarding Gresham's "termination" — claimed by Schlumberger to have been a "voluntary relinquishment" of employment — were not substantially similar. Thus, Gray's testimony did not qualify as evidence of a pattern or practice.